U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 20 2018

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DIANE McINTYRE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-203-A |
| | § | |
| BEN E. KEITH COMPANY, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the above-captioned action wherein Diane McIntyre is plaintiff and Ben E. Keith Company is named as defendant. The court notes that the complaint in this action is virtually identical to one filed by plaintiff in this court under Case No. 4:16-CV-1134-A, except that plaintiff is now asserting that the same facts support a cause of action under the Fair Labor Standards Act, 29 U.S.C. §§ 201-19 ("FLSA") instead of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. Because the claims in plaintiff's prior action were dismissed with prejudice, the claims asserted here are clearly barred by res judicata.

I.

Plaintiff's Claims

Plaintiff alleges: She worked as a back haul driver for defendant from June 2014 until she was terminated on March 14, 2016. Defendant routinely permitted her to work more than forty

hours per week. When she complained about her hours exceeding those of comparable co-workers, her supervisor retaliated against her by deducting plaintiff's paychecks, attempting to justify his actions as a disciplinary measure. Plaintiff further complained and was told that her demands were unreasonable and insubordinate, even though plaintiff merely requested written policies and procedures that authorized deductions from her pay.

Plaintiff asserts claims for violation of her right to overtime pay and for retaliation for pursuing her rights under the FLSA.

II.

Applicable Legal Standards

Dismissal under Rule 12(b)(6) on res judicata grounds is appropriate when the elements of res judicata are apparent on the face of the pleadings. Dean v. Mississippi Bd. of Bar Admissions, 394 F. App'x 172, 175 (5th Cir. 2010). In addition, the court may take judicial notice of the record in a prior related proceeding over which it presided, and may dismiss a complaint sua sponte under principles of res judicata. Arizona v. California, 530 U.S. 392, 412 (2000) ("[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised.").

2

III.

Analysis

The court concludes that it is readily apparent from the face of the complaint that the elements of res judicata are met, and that this action must be dismissed.

Under Fifth Circuit law, "res judicata is the 'venerable legal canon' that insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits. Procter & Gamble Co. v. Amway Corp., 376 F.3d 496, 499 (5th Cir. 2004) (quoting United States v. Shanbaum, 10 F.3d 305, 310 (5th Cir. 1994)). The doctrine precludes the relitigation of claims which have been fully adjudicated or arise from the same subject matter, and that could have been litigated in the prior action. Nilsen v. City of Moss Point, 701 F.2d 556, 561 (5th Cir. 1983). Under res judicata, a prior judgment bars a subsequent judgment when (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005).

In determining whether the same claims or causes of action are brought, the Fifth Circuit has adopted the transactional test, in which all claims arising from a "common nucleus of operative facts" and could have been brought in the first lawsuit, are barred by res judicata. Procter & Gamble, 376 F.3d at 499. In Nilsen, the court explained:

> [I]t is black-letter law that res judicata, by contrast to narrower doctrines of issue preclusion, bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication . . . not merely those that were adjudicated.

Nilson, 701 F.2d at 560 (emphasis in original). See also Petro-Hunt, L.L.C. v. United States, 365 F.3d 385, 395-96 (5th Cir. 2004) (prior judgment's preclusive effect extends to all rights of plaintiff "with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose."); Howe v. Vaughan (In re Howe), 913 F.2d 1138, 1144 (5th Cir. 1990) ("[T]he critical issue is not the relief requested or the theory asserted but whether plaintiff bases the two actions on the same nucleus of operative facts.").

In this case, all four elements of res judicata are met. First, the same plaintiff has brought an action against the same defendant in both lawsuits. Second, the judgment in the prior action, No. 4:16-CV-1134-A, was rendered by this court, which is

4

a court of competent jurisdiction. Third, the prior action was concluded by a final judgment on the merits, as all claims and causes of action in the prior action were dismissed with prejudice. Fourth, the claims and causes of action raised by plaintiff in both actions were related to plaintiff's employment by defendant and complaints about being treated unfairly and ultimately terminated. Thus, all of plaintiff's claims in the instant action could have been brought in the prior action, and must be dismissed. <u>Warren v. Mortgage Elec. Registration Sys., Inc.</u>, 616 F. App'x 735, 737-38 (5th Cir. 2015).

IV.

<u>Order</u>

The court ORDERS that plaintiff's claims in this action be, and are hereby, dismissed with prejudice.

SIGNED March 20, 2018.

_____
JOHN MCBRYDE
United States District Judge